# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN THE MATTER OF: )
    ) Case No. 25-48523-tjt
**JOSHUA ADAM KAPLAN** ) Chapter 7
    ) Hon. Thomas J. Tucker
    Debtor. )

_____/

**CSC CAPITAL GROUP, LLC,**      Adv Pro No.: 25-04237-tjt
     Hon. Thomas J. Tucker
    Plaintiff,

**vs.**

**JOSHUA ADAM KAPLAN,**

    Defendant.
_____

### DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF CSC CAPITAL GROUP, LLC'S FIRST REQUESTS FOR ADMISSION, FIRST SET OF INTERROGATORIES, AND FIRST REQUEST FOR PRODUCTION OF <u>DOCUMENTS TO DEFENDANT JOSHUA ADAM KAPLAN</u>

NOW COMES Joshua Adam Kaplan ("Defendant"), by and through his undersigned attorneys, and for his Responses and Objections to FIRST REQUESTS FOR ADMISSION, FIRST SET OF INTERROGATORIES, AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS (collectively, the "Discovery Requests"), states as follows:

## **<u>GENERAL OBJECTIONS</u>**

The following objections are made by Defendant with respect to the Discovery Requests (collectively, the "<u>General Objections</u>"):

1. Defendant objects to Plaintiff's "Definitions and Instructions" to the extent that they impose any obligations beyond those required by the Rules and caselaw interpreting same. Defendant's responses and answers herein comply with the Rules and caselaw.

2. Defendant objects to each of the Discovery Requests to the extent that it requires Defendant to produce or reveal information or documents not within hispossession, custody, or control.

3. Defendant objects to each of the Discovery Requests to the extent that it is vexatious or seeks irrelevant information to the subject matter of this action.

4. Defendant objects to each of the Discovery Requests to the extent that it seeks information that is unduly burdensome to obtain and to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant objects to each of the Discovery Requests to the extent that it is ambiguous, vague, or otherwise incomprehensible.

6. Defendant objects to each of the Discovery Requests to the extent that it seeks a response that is duplicative of responses to one or more of the other Discovery Requests.

7. Defendant objects to each of the Discovery Requests to the extent that it

seeks disclosures of information that is a matter of public record, is equally available to Plaintiff, or is already in the possession of Plaintiff.

8. Defendant objects to each of the Discovery Requests as overbroad and unduly burdensome to the extent that it seeks documents that are readily available or more accessible to Plaintiff from Plaintiff's own files. Responding to such Discovery Requests is substantially the same or less burdensome for Plaintiff than it would be for Defendant.

9. Defendant objects to each of the Discovery Requests to the extent that it seeks documents or information that is confidential, proprietary, personal, and/or commercially sensitive. Such documents and information will not be produced until such time as an appropriate protective order has been entered by the Court.

10. Defendant objects to each of the Discovery Requests to the extent that it seeks information that is protected from disclosure by the attorney/client privilege, the work product doctrine, the insurer-insured privilege, or any other applicable privilege, immunity, protection, or exemption, as well as information or documents that reveal the impressions, conclusions, opinions, legal research, or theories of Defendant's attorneys or his agents. No such information will be purposely provided. No incidental or implied waiver of any such privilege or immunity is intended or should be inferred from any of Defendant's responses or answers to any of the Discovery Requests.

11. Defendant objects to each of the Discovery Requests to the extent it seeks information for an unlimited and unspecified period of time, which renders it

unreasonable, unduly burdensome, and as seeking information and documents that are wholly irrelevant and beyond the scope of permissible discovery under the Rules.

12. Defendant objects to the extent that any of the Discovery Requests calls for a legal conclusion in response.

13. Defendant submits these responses and answers without conceding the materiality or relevance of the subject matter of any of the Discovery Requests, and without any prejudice to Defendant's right to object to further discovery or to object to the admissibility of any proof on the subject matter of any response at the time of trial, or to correct, supplement, or clarify any of these responses and/or answers.

14. No incidental or implied admissions are intended by or should be inferred from any of Defendant's responses or answers to any of the Discovery Requests. Nothing in any of the responses or answers is intended to be or should be construed to be an admission of any of the facts assumed or asserted by any of the Discovery Requests or a waiver of any objection to any the Discovery Requests.

15. Defendant's responses and answers to the Discovery Requests are based upon current information available to Defendant, and, accordingly, Defendant reserves the right to amend and/or supplement these responses and answers at such time as any additional information requested becomes known.

16. Each of these General Objections is incorporated in its entirety into each of the following responses and answers though separately set forth in full in each. In certain responses and/or answers, Defendant has restated a particular objection for emphasis

only. In those instances where Defendant has not restated a particular objection, or has restated some, but not all, of the General Objections, all the General Objections are intended to be and are set forth as a part of each such response or answer to the Discovery Requests.

**<u>PRELIMINARY STATEMENT</u>**

The responses and answers to the Discovery Requests are prepared based on information known to Defendant as of the date of these responses. Discovery and investigation in this action are continuing, and Defendant reserves the right to make use of or introduce in evidence at the trial of this matter any information disclosed or developed through investigation or discovery subsequent to the date of these responses and answers. Defendant reserves the right to correct, amend, or supplement these responses and answers should it become aware of any inadvertent omission, error, or additional information that it may subsequently discover and determine to be relevant. Defendant will make reasonable efforts to respond to or answer each of the Discovery Requests to the extent that it has not been objected to and to the extent that Defendant understands the Discovery Requests. If Plaintiff subsequently asserts an interpretation of any of the Discovery Requests that differs from the interpretation given to it by Defendant, then Defendant reserves the right to supplement its objections, responses and answers, as necessary.

Without waiving any of the foregoing General Objections, Defendant responds to the Discovery Requests as follows:

## REQUESTS FOR ADMISSION

1.     Admit that you executed the Personal Guaranty.
**RESPONSE:** Admit.

2.     Admit that executing the Personal Guaranty was a condition to CSC's agreement to purchase SLI's right, title, and interest in the Original Promissory Note.
**RESPONSE:** Deny, as untrue.

3.     Admit that by executing the Personal Guaranty you guaranteed full and prompt payment of all amounts due under the Second Amended and Restated Promissory Note.
**RESPONSE:** Defendant objects to this Request to the extent it calls for a legal conclusion regarding the scope and enforceability of the Personal Guaranty. The document speaks for itself. Without waiving this objection, Defendant admits that he executed the Personal Guaranty.

4.     Admit that by executing the Personal Guaranty you guaranteed full and prompt payment of any and all reasonable expenses, including reasonable attorney fees incurred in the collection or enforcement of rights under any security granted or extended by SLIRE.
**RESPONSE:**
Defendant objects to this Request to the extent it calls for a legal conclusion regarding the scope and enforceability of the Personal Guaranty. The document speaks for itself. Without waiving this objection, Defendant admits that he executed the Personal Guaranty, the terms of which are set forth in the document itself.

5.     Admit that you executed the Non-Litigation Certificate of Borrower.

**RESPONSE:**  Deny, as untrue, as Mr. Kaplan did not sign in his individual capacity.

6.     Admit that you executed the Non-Litigation Certificate of Guarantor.

**RESPONSE:** Admit.

7.     Admit that executing the Non-Litigation Certificate of Borrower was a condition to CSC's agreement to purchase SLI's right, title, and interest in the Original Promissory Note.
**RESPONSE:**  Deny, as untrue.  The Note Purchase Agreement between SLI and CSC does not identify execution of the Non-Litigation Certificate of Borrower as a condition to CSC's agreement to purchase SLI's right, title, and interest in the Original Promissory Note. The document speaks for itself.

8.     Admit that executing the Non-Litigation Certificate of Guarantor was a condition to CSC's agreement to purchase SLI's right, title, and interest in the Original Promissory Note.
**RESPONSE:**  Deny, as untrue.  The Note Purchase Agreement between SLI and CSC does not identify execution of the Non-Litigation Certificate of Borrower as a condition to CSC's agreement to purchase SLI's right, title, and interest in the Original Promissory Note. The document speaks for itself.

9.     Admit that by signing the Non-Litigation Certificate of Guarantor you certified that there were no actions, suits, or proceedings pending or, to your knowledge threatened, involving (or which could involve) you, which could materially impair the security of the loan, your ability to repay the indebtedness to CSC, or your ability to observe and perform your obligations under the CSC Loan Documents.
**RESPONSE:**  Defendant objects to this Request to the extent it calls for a legal conclusion. Without waiving this objection, Defendant admits that he signed the Non-Litigation Certificate of Guarantor, the terms and representations of which are set forth in the document itself, which speaks for itself. Defendant further states that the representations contained therein were true when made.

10.     Admit that at the time of executing the Non-Litigation Certificate of Guarantor there was an action pending against you in the Oakland County Circuit Court filed by ZB Verified Investments, LLC, Case No. 2024-207081-CB.

**RESPONSE:** Defendant admits that a complaint styled <u>ZB Verified Investments, LLC v. Kessler et al</u>., Case No. 2024-207081-CB, was filed in the Oakland County Circuit Court prior to June 28, 2024, and that Defendant was named as a party in that action. Defendant denies that the existence of that action rendered any representation in the Non-Litigation Certificate of Guarantor false or materially misleading, as the pending action could not materially impair (i) the security for the loan, (ii) Defendant's ability to repay the indebtedness evidenced by the CSC Loan Documents, or (iii) Defendant's ability to observe and perform his obligations under the CSC Loan Documents.

11.     Admit that the action filed by ZB Verified Investments, LLC, Case No. 2024-207081-CB, arises out of your default on a $4,850,000.00 loan extended by ZB Verified Investments, LLC to Divided Sky, LLC, which you personally guaranteed.

**RESPONSE:** Defendant objects to this Request as it characterizes the claims in a separate litigation, which are disputed and unresolved, as established facts. Defendant admits that the action filed by ZB Verified Investments, LLC involves allegations related to a loan extended to Divided Sky, LLC. Defendant denies the remaining characterizations, including the characterization of "your default," as those matters are disputed and it was not Mr. Kaplan's default.

12.     Admit that at the time of executing the Non-Litigation Certificate of Guarantor there was an action pending against you in the Oakland County Circuit Court filed by Lakeside Birmingham Investment, Case No. 2024-206541-CB.

**RESPONSE:** Defendant admits that a complaint captioned <u>Lakeside Birmingham Investment v. Divided Sky, Case No. 2024-206541-CB</u>, was filed in the Oakland County Circuit Court. Defendant denies that the existence of that action rendered any representation in the Non-Litigation Certificate of Guarantor false or materially misleading, for the same reasons stated in response to Request for Admission No. 10.

13. Admit that you executed the Non-Litigation Certificate of Guarantor with knowledge of its falsity and inaccuracy.

**RESPONSE:** Denied. The representations in the Non-Litigation Certificate of Guarantor were not false or inaccurate when made. The pending actions referenced in the Complaint could not materially impair the security for the loan, Defendant's ability to repay the indebtedness, or Defendant's ability to observe and perform his obligations under the CSC Loan Documents.

14. Admit that you executed the Non-Litigation Certificate of Guarantor with the intent to induce CSC to purchase SLI's right, title, and interest in the Original Promissory Note.

**RESPONSE:** Deny, as untrue. The Note Purchase Agreement between SLI and CSC does not identify execution of the Non-Litigation Certificate of Guarantor as a condition to CSC's agreement to purchase SLI's right, title, and interest in the Original Promissory Note. The document speaks for itself.

15. Admit that you executed the Non-Litigation Certificate of Borrower on behalf of SLIRE with the intent to induce CSC to purchase SLI's right, title, and interest in the Original Promissory Note.

**RESPONSE:** Deny, as untrue. The Note Purchase Agreement between SLI and CSC does not identify execution of the Non-Litigation Certificate of Guarantor as a condition to CSC's agreement to purchase SLI's right, title, and interest in the Original Promissory Note. The document speaks for itself.

16. Admit that you did not inform CSC of any inaccuracies in Non-Litigation Certificate of Guarantor before CSC extended funds to SLIRE.

**RESPONSE:** Defendant objects to this Request as it assumes facts not in evidence, namely that there were "inaccuracies" in the Non-Litigation Certificate of Guarantor. Defendant denies that the Non-Litigation Certificate of Guarantor contained inaccuracies. Moreover, CSC's co-principal, Michael Khalil (P78951), is an attorney licensed in the State of Michigan whose principal place of business is in Oakland County — the same county in which the actions referenced in the Complaint were filed and in which SLI and SLIRE maintained their principal places of business. CSC was also represented by counsel in the transaction. Plaintiff had knowledge and/or constructive knowledge of the litigation referenced in the Complaint.

17. Admit that ZB Verified Investments, LLC filed a Proof of Claim in your Chapter 7 bankruptcy proceeding, Case No. 25-48523-tjt, in the amount of $4,893,111.12 arising out of its lawsuit filed against you in the Oakland County Circuit Court.

**RESPONSE:** Admit only that they filed a proof of claim in the bankruptcy case.

18. Admit that Lakeside Birmingham Investments, LLC filed a Proof of Claim in your Chapter 7 bankruptcy proceeding, Case No. 25-48523-tjt, in the amount of $2,500,000.00 arising out of a settlement agreement reached in the action that was against you by Lakeside Birmingham Investments, LLC in the Oakland County Circuit Court.

**RESPONSE:** Admit only that they filed a proof of claim in the bankruptcy case.

INTERROGATORIES

1. Describe in detail your interest in and position at SLI, SLIRE, and any other entity which you have held an interest in or position at in the past 10 years, including the date you obtained an interest in or position at each entity, your title as it relates to each entity, and a description of all duties which you have related to those entities.

**RESPONSE:**

Defendant objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information about "any other entity" in which Defendant has held an interest or position in the past 10 years. This adversary proceeding involves the dischargeability of a specific debt arising from the CSC Loan transaction (June 28, 2024), and the request for information regarding all entities over a 10-year period is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses in this action. Defendant further objects to the extent this Interrogatory, while drafted as a single interrogatory, actually consists of discrete subparts. Without waiving these objections, Defendant responds as follows with respect to SLI and SLIRE, Mr. Kaplan was manager on June 28, 2024.

2.	Identify all litigation, threatened or instituted, against you, SLI, and/or SLIRE in the past 10 years, including the name of the parties involved or threatened to be involved; the claims threatened or asserted in litigation that was instituted; the date or time period on which the litigation was threatened or instituted; the court in which the litigation was instituted, if applicable; the case number of each action filed, if applicable; and the resolution of each action.

**RESPONSE:**	Defendant objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case. The request for all litigation over a 10-year period involving Defendant, SLI, and/or SLIRE — regardless of subject matter or relevance to the CSC Loan transaction (June 28, 2024) — far exceeds the scope of permissible discovery in this adversary proceeding, which concerns the dischargeability of a single debt under § 523(a)(2). Defendant further objects to this Interrogatory as it contains multiple discrete subparts, each of which constitutes a separate interrogatory. Defendant also objects to the extent this Interrogatory seeks information that is a matter of public record equally available to Plaintiff through court records and dockets. Without waiving these objections, Defendant responds as follows with respect to litigation that is relevant to the claims and defenses in this action:

1. In regard to litigation against Mr. Kaplan, see his Statement of Financial Affairs #9.
2. In regard to litigation against SLI, see Mr. Kaplan's Statement of Financial Affairs #9.
3. In regard to litigation against SLIRE.  Nothing as of June 28, 2024.

3.	For the representations made by you on behalf of SLIRE in the Certificate of Non-Litigation of Borrower state whether you contend those representations were true when made and describe all facts supporting that contention, including but not limited to the following representations:

a.	that "there are no actions, suits, or proceeding pending or, to its knowledge threatened, involving (or which would involve) Borrower, or any part of the premises serving as security for the Loan, which could materially impair: (i) the security for the loan …";

b.	that "there are no actions, suits, or proceeding pending or, to its knowledge threatened, involving (or which would involve)

Borrower, or any part of the premises serving as security for the Loan, which could materially impair: … (ii) the ability of Borrower to repay the indebtedness evidenced by the Loan documents …"; and

    c.    that "there are no actions, suits, or proceeding pending or, to its knowledge threatened, involving (or which would involve) Borrower, or any part of the premises serving as security for the Loan, which could materially impair: … (iii) the ability of Borrower to observe and preform its obligations under the Loan documents."

**RESPONSE:** Defendant objects to this Interrogatory to the extent it contains multiple discrete subparts, each of which constitutes a separate interrogatory. Without waiving this objection, Defendant contends that the representations made on behalf of SLIRE in the Non-Litigation Certificate of Borrower were true when made. As stated in Defendant's Affirmative Defense No. 5, there was not any litigation instituted or threatened against SLIRE on or prior to June 28, 2024. The two actions referenced in the Complaint — ZB Verified Investments, LLC v. Kessler et al. and Lakeside Birmingham Investment v. Divided Sky — were not actions against SLIRE, nor did they involve any part of the premises serving as security for the CSC Loan, nor could they materially impair the security for the loan, SLIRE's ability to repay, or SLIRE's ability to perform under the CSC Loan Documents.

        4.    For the representations made by you in the Certificate of Non-Litigation of Guarantor state whether you contend those representations were true when made and describe all facts supporting that contention, including but not limited to the following representations:

    a.    that "there are no actions, suits, or proceeding pending or, to its knowledge threatened, involving (or which would involve) Guarantor, or any part of the premises serving as security for the

Loan, which could materially impair: (i) the security for the loan …";

    b.    that "there are no actions, suits, or proceeding pending or, to its knowledge threatened, involving (or which would involve) Guarantor, or any part of the premises serving as security for the Loan, which could materially impair: … (ii) the ability of Guarantor to repay the indebtedness evidenced by the Loan documents …"; and

    c.    that "there are no actions, suits, or proceeding pending or, to its knowledge threatened, involving (or which would involve) Guarantor, or any part of the premises serving as security for the Loan, which could materially impair: … (iii) the ability of Guarantor to observe and preform its obligations under the Loan documents."

**RESPONSE:** Defendant objects to this Interrogatory to the extent it contains multiple discrete subparts, each of which constitutes a separate interrogatory. Without waiving this objection, Defendant contends that the representations made in the Non-Litigation Certificate of Guarantor were true when made. The Non-Litigation Certificate of Guarantor certifies that there were no pending or threatened actions that could "materially impair" the enumerated items. While two actions existed as of June 28, 2024, neither could materially impair (i) the security for the loan, which was a mortgage on SLIRE's real property — property that was not at issue in either action; (ii) Defendant's ability to repay the indebtedness, as Defendant had sufficient assets and income at the time to satisfy his obligations; or (iii) Defendant's ability to observe and perform his obligations under the CSC Loan Documents. The certificate does not require disclosure of all litigation — only litigation that could "materially impair" the specifically enumerated items. Accordingly, the representations were true and accurate when made.

    5.    Describe in detail whether a judgement against you in *ZB Verified Investments, LLC v Kessler et al.*, Case No. 2024-207081-CB, could materially impair your ability to fulfil your obligations set forth in the Personal Guaranty. If you contend that a judgment against you in *ZB Verified Investments, LLC v Kessler*

*et al.* could not materially impair your ability to fulfil your obligations set forth in the Personal Guaranty, describe all facts supporting that contention.

**RESPONSE:** Defendant objects to this Interrogatory to the extent it calls for speculation regarding a hypothetical judgment in a separate action. Without waiving this objection, as of June 28, 2024, a potential adverse judgment in the ZB Verified Investments action could not have materially impaired Defendant's ability to fulfill his obligations under the Personal Guaranty. Furthermore, Divided Sky is owed tens of millions of dollars which would cover any obligation to ZB Verified Investments, LLC (if any). At the time of executing the CSC Loan Documents, Defendant's assets and financial position were sufficient to satisfy the obligations under the Personal Guaranty notwithstanding the pendency of the ZB Verified Investments action. Moreover, CSC's loan was secured by a mortgage on SLIRE's real property, and CSC is fully secured — a fact which independently negates any claim of material impairment or damages.

6. Describe in detail whether the settlement reached in *Lakeside Birmingham Investment v Divided Sky*, Case No. 2024-206541-CB, could materially impair your ability to fulfil your obligations set forth in the Personal Guaranty. If you contend that a judgment against you in *Lakeside Birmingham Investment v Divided Sky* could not materially impair your ability to fulfil your obligations set forth in the Personal Guaranty, describe all facts supporting that contention.

**RESPONSE:** Defendant objects to this Interrogatory as the settlement with Lakeside is confidential, and the terms cannot be disclosed absent a court order. Additionally, the settlement was made after June 28, 2024, so the relevance is limited. As such, responding to this request could violate the confidentiality provision of the settlement agreement. Without waiving this objection, Divided Sky is owed tens of millions of dollars which would cover any obligation to ZB Verified Investments, LLC (if any). At the time of executing the CSC Loan Documents, Defendant's financial position was sufficient to satisfy the obligations under the Personal Guaranty notwithstanding the pendency of the ZB Verified Investments action. Moreover, CSC's loan was secured by a mortgage on SLIRE's real property, and CSC is fully secured — a fact which independently negates any claim of material impairment or damages.

7. Identify all individuals or entities involved in the negotiation and execution of the CSC Loan, including a description of their involvement.
**RESPONSE:** Mr. Kaplan, his counsel, CSC, CSC's representatives, and CSC's counsel.

8. For each affirmative defense asserted in your Answer, state all facts supporting the defense.

**RESPONSE:**

Defendant objects to this Interrogatory as overly broad, unduly burdensome, compound, and not proportional to the needs of the case. This single interrogatory effectively seeks nineteen separate interrogatories — one for each affirmative defense — and constitutes an improper attempt to circumvent the numerical limitations on interrogatories imposed by the Federal Rules of Civil Procedure and/or any applicable Scheduling Order. See Superior Sales W., Inc. v. Gonzalez, 335 F.R.D. 98, 104 (W.D. Tex. 2020); U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc., 235 F.R.D. 521 (D.D.C. 2006). Defendant further objects to the extent the Interrogatory seeks information protected by the attorney-client privilege and/or the work product doctrine, including counsel's mental impressions, conclusions, opinions, and legal theories. Without waiving these objections, the facts supporting each affirmative defense are set forth in the Answer, Affirmative Defenses, and in Defendant's responses to these discovery requests. Without waiving this objection, Mr. Kaplan is working on gathering documents to supplement this production in regard to the request.

9. Identify each person who assisted, and each document consulted or reviewed, in preparing your responses to these interrogatories. For each person identified, summarize their assistance.

**RESPONSE:** Defendant objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Without waiving this objection: Mr. Kaplan and his counsel.

## VERIFICATION

I, Joshua Adam Kaplan, ("Defendant"), hereby declare that I have conducted a reasonable inquiry regarding the facts set forth in my responses to the Interrogatories, and such facts are true and complete to the best of my knowledge.

DATED: April 1, 2026

Signed by:

Josh Kaplan

Joshua Adam Kaplan

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**\*\*\*See Bates #000001-000191\*\*\***

1.      All documents identified, described or consulted in connection with responding to the above requests for admission and interrogatories.

**RESPONSE:** Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine. Without waiving this objection, see documents produced herewith.

2.      All documentation or communications that support the claim that there was no litigation pending against you on June 28, 2024.

**RESPONSE:** Defendant objects to this Request as it mischaracterizes Defendant's position. Defendant does not contend that there was no litigation pending against him on June 28, 2024. Defendant's position is that the pending litigation could not "materially impair" the items enumerated in the Non-Litigation Certificates, and therefore the representations therein were true. The Request is also vague and ambiguous as to what "documentation or communications" would "support" a negative proposition. Without waiving these objections, Defendant is not aware of any responsive documents apart from those already in Plaintiff's possession as part of the CSC Loan Documents, those referenced in the Complaint, and those equally available from the Oakland County Circuit Court.

3.      All non-privileged documentation and communications related to any litigation, threatened or instituted, against you in the past 10 years.

**RESPONSE:**  Defendant objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case. The request for all documentation related to any litigation over a 10-year period, regardless of subject matter, far exceeds the scope of permissible discovery in this adversary proceeding. Defendant further objects to the extent that the requested court filings and related documents are matters of public record equally available to Plaintiff. Without waiving these objections, Defendant will produce non-privileged documents in his possession, custody, or control that are related to the litigation referenced in the Complaint, to the extent such documents are relevant and not already available to Plaintiff through public court records.  See bankruptcy schedule E/F and Statement of Financial Affairs.  By further answer, Mr. Kaplan has nothing further to produce.

4.      All non-privileged documentation and communications related to any

litigation, threatened or instituted, against SLI in the past 10 years.

**RESPONSE:** Defendant objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, for the same reasons stated in response to Request No. 3. Defendant further objects to the extent this Request seeks documents not within Defendant's personal possession, custody, or control, as SLI is a separate legal entity. Without waiving these objections, Mr. Kaplan has nothing to produce.

5.  All non-privileged documentation and communications related to any litigation, threatened or instituted, against SLIRE in the past 10 years.

**RESPONSE:** Defendant objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, for the same reasons stated in response to Requests Nos. 3 and 4. Defendant further objects to the extent this Request seeks documents not within Defendant's personal possession, custody, or control, as SLIRE is a separate legal entity. As stated in Defendant's Affirmative Defense No. 5, there was not any litigation instituted or threatened against SLIRE on or prior to June 28, 2024. Without waiving these objections, Mr. Kaplan has nothing to produce.

6.  All non-privileged documentation, court filings, and communications related to *ZB Verified Investments v Kessler*, Case No. 2024-207081-CB.

**RESPONSE:** Defendant objects to this Request to the extent it seeks court filings that are matters of public record and equally available to Plaintiff through the Oakland County Circuit Court's records. There is also a protective order issued by the Oakland County Circuit Court in this action which prohibits the dissemination of documents and communications marked confidential.

7.  All non-privileged documentation, court filings, and communications related to *Lakeside Birmingham Investment v Divided Sky*, Case No. 2024-206541-CB.

**RESPONSE:** Defendant objects to this Request to the extent it seeks court filings that are matters of public record and equally available to Plaintiff through the Oakland County Circuit Court's records. Without waiving this objection, a protective order was entered in the State Court action and the settlement agreement between the parties is confidential.

8.  All non-privileged communications with third parties related to *ZB Verified Investments v Kessler et al.*, Case No. 2024-207081-CB.

**RESPONSE:** Defendant objects to this Request as overly broad and not proportional to the needs of the case. The request for "all" communications with any "third parties"

related to a separate litigation, without limitation as to subject matter, time frame, or relevance to the claims or defenses in this adversary proceeding, is unduly burdensome. Without waiving this objection, there is also a protective order issued by the State Court in this action which prohibits the dissemination of documents and communications marked confidential.

9.      All non-privileged communications with third parties related to *Lakeside Birmingham Investment v Divided Sky*, Case No. 2024-206541-CB.

**RESPONSE:** Defendant objects to this Request on the same grounds stated in response to Request No. 8. Without waiving this objection, there is also a protective order issued by the State Court in this action which prohibits the dissemination of documents and communications marked confidential.

10.     All documents that support, evidence, or memorialize the accuracy of the representations that you made on behalf of SLIRE in the Certificate of Non-Litigation of Borrower, including but not limited to the following representations:

    a.      that "there are no actions, suits, or proceeding pending or, to its knowledge threatened, involving (or which would involve) Borrower, or any part of the premises serving as security for the Loan, which could materially impair: (i) the security for the loan …";

    b.      that "there are no actions, suits, or proceeding pending or, to its knowledge threatened, involving (or which would involve) Borrower, or any part of the premises serving as security for the Loan, which could materially impair: … (ii) the ability of Borrower to repay the indebtedness evidenced by the Loan documents …"; and

    c.      that "there are no actions, suits, or proceeding pending or, to its knowledge threatened, involving (or which would involve)

Borrower, or any part of the premises serving as security for the Loan, which could materially impair: … (iii) the ability of Borrower to observe and preform its obligations under the Loan documents."

**RESPONSE:** Defendant objects to this Request as vague and ambiguous as to what documents would affirmatively "support" or "memorialize the accuracy" of a certification that no material litigation existed. The Request improperly seeks to shift the burden of proof to Defendant. Without waiving these objections, Defendant is not aware of documents that affirmatively "memorialize" the accuracy of the representations beyond the certificate itself. There was no litigation against SLIRE as of June 28, 2024, and therefore no documents were generated to memorialize that negative fact.

11. All documents that support, evidence, or memorialize the accuracy of the representations that you made in the Certificate of Non-Litigation of Guarantor, including but not limited to the following representations:

    a.    that "there are no actions, suits, or proceeding pending or, to its knowledge threatened, involving (or which would involve) Guarantor, or any part of the premises serving as security for the Loan, which could materially impair: (i) the security for the loan …";

    b.    that "there are no actions, suits, or proceeding pending or, to its knowledge threatened, involving (or which would involve) Guarantor, or any part of the premises serving as security for the Loan, which could materially impair: … (ii) the ability of Guarantor to repay the indebtedness evidenced by the Loan documents …"; and

c.    that "there are no actions, suits, or proceeding pending or, to its knowledge threatened, involving (or which would involve) Guarantor, or any part of the premises serving as security for the Loan, which could materially impair: … (iii) the ability of Guarantor to observe and preform its obligations under the Loan documents."

**RESPONSE:** Defendant objects to this Request on the same grounds stated in response to Request No. 10. Without waiving these objections, Defendant's position is that the pending litigation could not materially impair the items enumerated in the Non-Litigation Certificate of Guarantor. Without waiving this objection there is a pending arbitration before JAMS, captioned <u>Divided Sky, LLC, Joshua Kaplan and Adam Kessler v Orchard Laboratories Corp. and Sami Ahmad</u>, Case No. 5345000501, where they are seeking damages in excess of twenty million dollars.  See attached.

12.    All documents which evidence your ability to fulfil your obligations set forth in the Personal Guaranty in the event of an adverse judgment against you in *ZB Verified Investments, LLC v Kessler et al.*, Case No. 2024-207081-CB.

**RESPONSE:** Defendant objects to this Request as calling for speculation regarding a hypothetical adverse judgment. Without waiving this objection, Defendant will produce non-privileged documents in his possession, custody, or control that evidence his financial position as of June 28, 2024.  <u>Without waiving this objection, Mr. Kaplan is working on gathering documents to supplement this production  in regard to the request</u>.

13.    All documents which evidence your ability to fulfil your obligations set forth in the Personal Guaranty in light of the settlement reached in *Lakeside Birmingham Investment v Divided Sky*, Case No. 2024-206541-CB.

**RESPONSE:** Defendant objects to this Request on the same grounds stated in response to Request No. 12. Without waiving this objection, the settlement agreement referenced is confidential, and <u>Mr. Kaplan is working on gathering documents to supplement this production  in regard to the request</u>.

14.    All organizational charts, employee lists, directories, and similar documents of SLI for the past seven years.

**RESPONSE:** Defendant objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case. This adversary proceeding concerns the dischargeability of a debt arising from a specific loan transaction and the accuracy of Non-Litigation Certificates. Organizational charts, employee lists, and directories of SLI over a seven-year period are not relevant to any claim or defense in this action and would require an unreasonable expenditure of time and resources. Defendant further objects to the extent this Request seeks documents not within Defendant's personal possession, custody, or control.

15. All organizational charts, employee lists, directories, and similar documents of SLIRE for the past seven years.

**RESPONSE:** Defendant objects to this Request on the same grounds stated in response to Request No. 14.

16. All organizational charts, employee lists, directories, and similar documents for any entities that you have been employed by or had an ownership interest in over the past seven years.

**RESPONSE:** Defendant objects to this Request as overly broad, unduly burdensome, vague, and not proportional to the needs of the case. The request for organizational documents for all entities in which Defendant has been employed or had an ownership interest over a seven-year period — without regard to relevance to the CSC Loan transaction or the claims in this adversary proceeding — is a fishing expedition that far exceeds the scope of permissible discovery.

17. All documents and communications that support your affirmative defenses.

**RESPONSE:** Defendant objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case. It seeks "all documents" relating to all nineteen affirmative defenses without reasonable limitation as to subject matter, time frame, or custodians, and would effectively require Defendant to identify and produce every document conceivably related to the litigation. The request is duplicative of contention interrogatories and seeks documents equally available through other discovery mechanisms. Defendant further objects to the extent this Request seeks documents protected by the attorney-client privilege and the work product doctrine, including documents reflecting counsel's mental impressions, litigation strategy, and legal theories. Without waiving these objections, see documents produced herewith, documents attached to the affirmative defenses, and documents previously filed on the Court's docket.

Respectfully Submitted,

**OSIPOV BIGELMAN, P.C.**

Dated: April 1, 2026

*/s/ Jeffrey H. Bigelman*
JEFFREY H. BIGELMAN (P61755)
Attorney for Defendant
20700 Civic Center Drive Suite 420
Southfield, Michigan 48076
Tel: (248) 663-1800
jhb@osbig.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN THE MATTER OF:          )
                            ) Case No. 25-48523-tjt

**JOSHUA ADAM KAPLAN**     ) Chapter 7
                            ) Hon. Thomas J. Tucker

        Debtor.           )

_____/

**CSC CAPITAL GROUP, LLC,**             Adv Pro No.: 25-04237-tjt
                                       Hon. Thomas J. Tucker
         Plaintiff,

**vs.**

**JOSHUA ADAM KAPLAN,**

         Defendant.

_____

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 1, 2026, I caused a copy of the *Defendant's Responses and Objections to Plaintiff's First Requests for Admission, First Set of Interrogatories, and First Requests for Production of Documents to Defendant, Joshua Adam Kaplan* and this *Certificate of Service* with the Clerk of the Court using the ECF system, which will send notification of such filing electronically to the following:

Jason W. Bank on behalf of Plaintiff CSC Capital Group, LLC
jbank@kerr-russell.com, nnajor@kerr-russell.com

Jeffrey H. Bigelman on behalf of Defendant Joshua Adam Kaplan
jhb_ecf@osbig.com, tc@osbig.com;mk@osbig.com

Meghan Clancy on behalf of Plaintiff CSC Capital Group, LLC
mclancy@kerr-russell.com

Abram Miller on behalf of Plaintiff CSC Capital Group, LLC
amiller@kerr-russell.com

Respectfully Submitted,
**OSIPOV BIGELMAN, P.C.**

Dated: April 1, 2026

*/s/ Jeffrey H. Bigelman*
JEFFREY H. BIGELMAN (P61755)
Attorney for Defendant
20700 Civic Center Drive Suite 420
Southfield, Michigan 48076
Tel: (248) 663-1800
jhb@osbig.com